**NEW AMSTERDAM CASUALTY CO. v. UNITED STATES.**

No. 5071.

Circuit Court of Appeals, Third Circuit.

Oct. 23, 1933.

Rehearing Denied Nov. 23, 1933.

Michael Serody, of Philadelphia, Pa., for appellant.

Edward W. Wells, U. S. Atty., and E. Washington Rhodes, Asst. U. S. Atty., both of Philadelphia, Pa., and Mayme Hamrick, of Washington, D. C., for the United States.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is a separate appeal by the New Amsterdam Casualty Company from a joint judgment entered against it and the Quaker Industrial Alcohol Corporation by the District Court for the Eastern District of Pennsylvania. The United States brought suit in assumpsit on a bond given by the appellant as surety for the alcohol corporation as principal. The alcohol corporation had permits to operate a distillery, a bonded warehouse, and a denaturing plant. The bond in suit was conditioned upon the lawful handling of alcohol in connection with the operation of the denaturing plant. Bonds were also given with the appellant as surety for the lawful operation of the distillery and the bonded warehouse.

The first question raised on appeal may be summarized as follows: Is a surety on a bond conditioned upon the payment of taxes, fines, and penalties, which might accrue as a result of violation of a permit to operate a denaturing plant, liable for malfeasance in the operation of a bonded warehouse or a distilling plant? Or, is the surety on such a bond liable for the independent violation of the principal, its officers or employees, unconnected with and apart from the operation of the denaturing plant?

The appellee contends that the question

so phrased does not present an accurate résumé of the situation.

There was evidence to show that on specified dates drums of alcohol were received by the alcohol company's bonded warehouse and were transferred to the denaturing plant. These transfers were shown by applications for permits to withdraw alcohol from the bonded warehouse for the denaturing plant, signed by Freas, as president of the alcohol company. There was also evidence to show that on or about the same dates, shipments purporting to be of oil, paint, and other commodities, but actually of drums of alcohol, were made upon bills of lading naming fictitious consignors and consignees. The evidence presented by the government relating to the diversion of alcohol was such that the jury was justified in finding that the alcohol withdrawn from the bonded warehouse was so withdrawn for transfer to the denaturing plant. There was ample evidence to go to the jury on the question whether the alcohol company had wrongfully operated its bonded denaturing plant. The jury by its verdict found this to be a fact.

Although there are numerous assignments of error based on the rulings of the trial court on admission in evidence of most of the exhibits offered by the government and on the refusal of the trial court to charge as requested by the appellant, we find no substantial error in the conduct of the trial or the charge of the court.

The learned trial judge has fully and carefully discussed the evidence and the law applicable thereto in an opinion reported in U. S. v. Quaker Ind. Acc. Commission (D. C.) 2 F. Supp. 863, 864. Being in entire accord with his reasoning and conclusions, we deem it unnecessary to add to what is therein set forth.

Judgment affirmed.